Filed 8/2/21  P. v. Diaz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092548 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F00542) |
| v. | |
| HUMBERTO DIAZ, | |
| Defendant and Appellant. | |

Defendant, Humberto Diaz, appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1170.95, enacted as part of Senate Bill No. 1437 (Stats. 2018, ch. 1015).  He contends his conviction for attempted murder as an aider and abettor on a natural and probable consequences theory was eligible for relief under section 1170.95; and, if the conviction is not eligible for relief, then section 1170.95 violates equal protection principles.  We affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2007, a jury found defendant guilty of three counts of attempted murder arising out of a gang related shooting. The trial court sentenced defendant to an aggregate term of 18 years four months, plus 50 years to life.[2] On appeal, we affirmed defendant's conviction. (*People v. Diaz* (Oct. 20, 2009, C057586) [nonpub. opn.].)

In 2019, defendant filed a section 1170.95 petition for resentencing "seeking to vacate [his] conviction for attempted murder." In the trial court, he argued that section 1170.95 applied to attempted murder, but did not make an equal protection claim. The trial court denied the petition on the grounds that under the plain language of section 1170.95, defendant was not eligible for relief for his attempted murder convictions.

DISCUSSION

Defendant contends, as a person convicted as an aider and abettor on a theory of natural and probable consequences, he can seek relief under section 1170.95. Defendant argues attempted murder comes within the purview of Senate Bill No. 1437 (2017-2018 Reg. Sess.), as demonstrated by the legislative history and the ameliorative legislative purpose of the bill. He also argues excluding attempted murder from the statute violates his right to equal protection. We disagree.

As a preliminary matter, our Supreme Court recently addressed the appropriate procedure for a trial court to follow when a section 1170.95 petition is filed. It explained "petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or

---

**2**     Defendant indicates he was sentenced to a determinate term of 30 years and an indeterminate term of 25 years to life, citing to the portion of the record sentencing the codefendant.

2

she is entitled to relief.' (§ 1170.95, subd. (c).)" (*People v. Lewis* (July 26, 2021, S260598) __ Cal.5th __ [pp. 1-2].) Here, defendant's resentencing petition expressly stated that he was seeking resentencing under section 1170.95 for his attempted murder conviction and an order to vacate that conviction. As we explain *post*, individuals convicted of attempted murder are not eligible for relief under section 1170.95. Thus, defendant's petition was not facially sufficient and no right to counsel arose. It nonetheless appears that the trial court appointed counsel for defendant and counsel filed a brief on defendant's behalf.

Turning to the merits of defendant's argument, Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) The bill amended section 188 to provide: "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e), now provides that a participant in the perpetration or attempted perpetration of a felony specified in subdivision (a) in which death occurs is liable for murder only if one of the following is proven: "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."

Senate Bill No. 1437 also added section 1170.95, which applies these changes retroactively by permitting qualifying individuals who were "convicted of felony murder

3

or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).)

The trial court properly found defendant ineligible for relief because his conviction was for attempted murder. Section 1170.95 does not apply to attempted murder convictions. (*People v. Larios* (2019) 42 Cal.App.5th 956, 970 ["section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder"], review granted Feb. 26, 2020, S259983.)

Defendant's arguments that section 1170.95 should be construed to apply to attempted murder are unconvincing. There is nothing in the language of the bill, resulting statutory language, or the legislative history indicating the Legislature intended to allow individuals convicted of attempted murder to petition for relief under section 1170.95. (*People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, S258175; see *People v. Medrano* (2019) 42 Cal.App.5th 1001, review granted Mar. 11, 2020, S259948.) Indeed, attempted murder requires the intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing. (*People v. Smith* (2005) 37 Cal.4th 733, 739.) Those who harbor an intent to kill and take a direct step toward the commission of that killing are not the less culpable petitioners section 1170.95 was designed to benefit. (See § 189, subd. (e)(2).) Thus, the statutory language affirmatively demonstrates those convicted of attempted murder are excluded from the scope of section 1170.95 relief.

Moreover, the Legislature's decision not to include attempted murder does not violate equal protection because "those charged with, or found guilty of, murder are, by definition, not similarly situated with individuals who face other, less serious charges. [¶] . . . The Legislature is permitted to treat these two groups of criminals differently." (*People v. Lopez, supra*, 38 Cal.App.5th at pp. 1109-1110.) "And there is a rational basis for the Legislature's decision to grant relief pursuant to section 1170.95 only to murder

4

convictions and exclude attempted murder convictions based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions." (*People v. Medrano*, *supra*, 42 Cal.App.5th at p. 1018.)

Defendant's conviction for attempted murder is not eligible for relief under section 1170.95.

DISPOSITION

The trial court's order is affirmed.

/s/
Robie, J.

We concur:

/s/
Raye, P. J.

/s/
Duarte, J.

5